United States District Court
Northern District of California

| | |
|---|---|
| BRANDON T. WILLIAMS,<br><br>   Plaintiff,<br><br>  v.<br><br>HECTOR PEREZ, et al.,<br><br>   Defendants. | Case No. 4:16-cv-04143-KAW<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 1 |

  The Court has received plaintiff's complaint and application to proceed *in forma pauperis*, both filed in this Court on July 22, 2016. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Plaintiff's IFP application was granted in a separate order.

  The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

  Plaintiff's complaint, however, is deficient and must be amended for the reasons set forth below:

  1. It is impossible to discern the essential details of the events that triggered plaintiff's lawsuit, or the legal theories under which she seeks relief. Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

  2. Plaintiff must clearly identify the causes of action she is alleging, which defendant(s) each cause of action is against, and the facts supporting each cause of action.

///

///

3. Each allegation in the complaint must be contained in numbered paragraphs. Fed. R. Civ. P. 10(b). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*

4. Plaintiff must clearly allege that she timely exhausted her administrative remedies for all causes of action against the Richmond Housing Authority, which requires that she filed an administrative claim within 6 months of the alleged incident.

Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court hereby dismisses plaintiff's complaint with leave to amend. Plaintiff shall file an amended complaint no later than **November 18, 2016** or the case may be dismissed with prejudice.

In amending her complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint, and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n. 40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must, therefore, be complete, in itself, without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Additionally, the Case Management Conference scheduled for October 25, 2016 is continued to **January 24, 2017** at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, California. The case management conference statement is due January 17, 2017.

IT IS SO ORDERED.

Dated: October 17, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge