UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON TYANN WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>HECTOR PEREZ, et al.,<br><br>    Defendants. | Case No. 4:16-cv-04143-KAW<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 60 |

Plaintiff Brandon Tyann Williams, proceeding pro se, filed this lawsuit alleging numerous civil rights violations in connection with the termination of her federally subsidized housing. On June 9, 2017, Plaintiff filed a second amended complaint. (Dkt. No. 37.)

On July 5, 2017, Defendants Theresa Muley and Linda Uribe ("Federal Defendants") filed a motion to dismiss the second amended complaint. (Dkt. No. 45.) On July 7, 2017, Richmond Housing Authority also filed a motion to dismiss. (Dkt. No. 48.) Ms. Williams's oppositions were due on July 19 and July 21, 2017. On July 26, 2017, the Federal Defendants notified the undersigned that they had been in communication with Ms. Williams, and that she said that she needed additional time to file her opposition, and that they did not object to adjusting the briefing schedule or hearing date to accommodate her. On August 2, 2017, the Court extended Plaintiff's deadline to serve her oppositions to August 16, 2017. (Dkt. No. 56.) In extending the briefing schedule, Plaintiff was advised that the failure to timely oppose a motion may result in the granting of the motion as unopposed and the dismissal of the case. *Id.* at 2. Ms. Williams did not file either opposition nor did she file any other documents with the Court.

As a result, the Court again continued the hearing date on the motions to dismiss to November 2, 2017, and ordered Plaintiff to show cause by September 18, 2017, why she did not

timely file her oppositions to the motions to dismiss, and why her case should not be dismissed for failure to prosecute. (Dkt. No. 60 at 1.) Plaintiff was also ordered to file her oppositions to both motions to dismiss by September 18, 2017. *Id.* at 1-2. Plaintiff was again referred to Federal Pro Bono Help Desk and "cautioned that the failure to timely respond to the second order to show and the motions to dismiss will result in the lawsuit being dismissed without prejudice for failure to prosecute." *Id.* at 2. To date, Plaintiff has not filed a response to the order to show cause; she has not filed oppositions to the pending motions to dismiss; and she has not otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In light the foregoing, the case is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: September 22, 2017

KANDIS A. WESTMORE
United States Magistrate Judge